IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DAMARI CHAVEZ DE VASQUEZ, | * |
| Petitioner, | * |
| v. | Civil Case No.: SAG-25-03657 |
| NIKITA BAKER, *et al.*, | * |
| Respondents. | * |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Damari Chavez de Vasquez filed an Amended Petition for a Writ of Habeas Corpus ("Petition") on November 24, 2025. ECF 13. In her Amended Petition, she asserts three claims: (1) violation of the Due Process Clause, (2) violation of the Fourth Amendment as a result of warrantless arrest, and (3) violation of 28 U.S.C. § 1361 (writ of mandamus). *Id.* Petitioner asks this Court to order her immediate release. *Id.*

Respondents opposed the Petition and filed a motion to dismiss. ECF 14. Petitioner opposed the motion to dismiss, ECF 15, and Respondents filed a reply, ECF 16. This Court held a motions hearing on December 22, 2025. For the reasons stated below, the law does not permit this Court to award the requested relief to Petitioner. As a result, Respondent's motion will be granted and the Amended Petition will be dismissed without prejudice.

### I. BACKGROUND

Petitioner is a native and citizen of El Salvador who has resided in the United States with her husband and three minor children since January 29, 2024. ECF 13 ¶ 1. She timely filed an asylum application on January 22, 2025 and was released under the ICE/ISAP program. *Id.* ¶¶ 1–2.

On November 4, 2025, Petitioner received a call from ICE/ISAP to present for a check-in at the ICE office in Silver Spring, Maryland. *Id.* ¶ 2. During the check-in, Petitioner was arrested and detained pursuant to a Notice to Appear ("NTA"), ECF 14-5, and I-200 Arrest Warrant, ECF 14-4, both apparently issued during the check-in appointment. ECF 13 ¶ 2.

On November 14, 2025, Petitioner had a bond hearing before the Immigration Court in Hyattsville, Maryland. *Id.* ¶ 3. At the hearing, the immigration judge ("IJ") denied bond, finding that Petitioner was a flight risk because she had twelve violations of her "Alternatives to Detention" ("ATD") conditions. *Id.* Petitioner asserts that DHS provided the IJ with "no evidence whatsoever to substantiate those alleged violations," which she disputes. *Id.*

Petitioner has remained in ICE custody since November 4, 2025.

## II.  ANALYSIS

28 U.S.C. § 2241 authorizes a district court to grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." Although the Amended Petition formally contains three claims, they can be consolidated into two primary arguments – the constitutionality of Petitioner's bond hearing[1] and the alleged warrantless arrest.

### A.  Constitutionality of the Bond Hearing

Petitioner contends that her due process rights were violated at her bond hearing because DHS did not provide sufficient (or any) evidence of the twelve ATD infractions it alleged. The parties dispute whether Petitioner can advance this claim before this Court. The government notes

---

[1] Claim Three, the writ of mandamus, essentially asks this Court to order Petitioner's release on the merits because she is neither a flight risk nor a danger to the community. Such a ruling would essentially set aside or supersede the IJ's bond hearing determination and is plainly barred by 8 U.S.C. § 1226(e).

2

that 8 U.S.C. § 1226(e) bars an alien from "challeng[ing] a 'discretionary judgment' by the Attorney General or a 'decision' that the Attorney General has made regarding his detention or release." *Demore v. Kim*, 538 U.S. 510, 516 (2003). Petitioner responds that § 1226(e) does not preclude constitutional challenges, citing *Demore,* which allowed "challenges [to] the statutory framework that permits [the alien's] detention without bail," *id.* at 517, and *Jennings v. Rodriguez*, 583 U.S. 281, 295–96 (2018), which permitted a challenge to the "Government's 'detention authority' under the statutory framework as a whole."

In this case, though, Petitioner has not advanced a facial constitutional challenge to a statutory scheme or even to the wholesale evidentiary practices employed in immigration court, instead simply asserting that "[t]he immigration judge accepted DHS's assertion of twelve alleged ATD violations without any evidentiary submission to support any of those allegations, effectively crediting unproven allegations over the fundamental requirement that the government submit credible evidence to support its allegations." ECF 13 ¶ 25. In fact, it is well-established, and the parties agreed at the motions hearing, that "the rules of evidence do not apply strictly in administrative adjudications of immigration cases." *Marynenka v. Holder*, 592 F.3d 594, 601 (4th Cir. 2010) (quoting *Kourouma v. Holder*, 588 F.3d 234, 242 (4th Cir. 2009)). Petitioner's claim, then, effectively challenges the quantum and nature of evidence placed before the IJ during her bond hearing, not the constitutionality of immigration court procedures.

This Court agrees with Respondents that the review Petitioner seeks is particular to the decision in her case and is thus barred by 8 U.S.C. § 1226(e). Petitioner's recourse for what she believes to be an improper assessment of the merits of her entitlement to bond lies in her already pending appeal of the IJ's decision before the Board of Immigration Appeals.

B.  **Warrantless Arrest**

Petitioner also contends that habeas relief is warranted because she was subjected to a warrantless arrest. In support, she cites *Escobar Molina v. U.S. Dep't of Homeland Sec.*, Civ. No. 25-3417 (BAH), 2025 WL 3465518 (D.D.C. Dec. 2, 2025). *Escobar Molina,* however, is distinguishable both on its facts and in its legal posture. That case was brought on behalf of a class of citizens who were subjected to unanticipated "field arrests" during the immigration crackdown in Washington, D.C. *Id.* The members of the class described in the opinion were stopped in public places and arrested. *Id.* Petitioner, by contrast, reported to her required check-in appointment at the ICE office, where she was then served with an NTA and warrant and arrested. She is therefore unable to establish as a factual matter that her arrest was "warrantless" in the same manner as the arrests of the class members in *Escobar Molina,* because the issuance of the warrant was essentially contemporaneous with her being taken into custody.

As importantly, though, the courts that have recently adopted the "warrantless arrest" theory as a basis for relief have done so in the context of class actions challenging statewide or districtwide agency action pursuant to the Administrative Procedures Act ("APA"), not in individual habeas petitions. *See Escobar Molina,* 2025 WL 3465518; *Ramirez Ovando v. Noem,* Civ. No. 25-cv-03183-RBJ, 2025 WL 3293467 (D. Colo. Nov. 25, 2025). Petitioner offers no authority, and this Court is not aware of any, granting an individual habeas relief as a result of a warrantless immigration arrest after the individual's immigration proceedings had begun. *See, e.g.*, *Arias v. Rogers*, 676 F.2d 1139, 1143 (7th Cir. 1982) (noting that once petitioners can avail themselves of the administrative remedies described in the INA, "their detention was no longer so lawless as to allow a judge to free them under the habeas corpus statute," even in the case of an illegal arrest); *Min-Shey Hung v. United States*, 617 F.2d 201, 202 (10th Cir. 1980) ("The

deportation proceedings thus commenced must be allowed to proceed without the intervention of proceedings in the district court challenging the arrest."). Here, with Petitioner's bond determination already made in immigration court and her removal proceedings underway, habeas review challenging her original arrest is not cognizable.

### III. CONCLUSION

For the reasons stated above, the government's motion to dismiss the Petition, ECF 14, is GRANTED. The Amended Petition, ECF 13, is DISMISSED WITHOUT PREJUDICE to Petitioner's refiling of a later petition for the same or similar relief. The Clerk is directed to CLOSE this case.

Dated: December 23, 2025                              /s/
                                                Stephanie A. Gallagher
                                                United States District Judge